**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LILY LEARNED, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:25-cv-01938** |
| | ) | |
| v. | ) | |
| | ) | |
| SONNENSCHEIN HOSPITALITY | ) | |
| GROUPE, LLC d/b/a GRAND BEAR | ) | **Jury Trial Demanded** |
| RESORT, | ) | |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

Plaintiff, Lily Learned ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Sonnenschein Hospitality Groupe, LLC d/b/a Grand Bear Resort ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), and the Illinois Human Rights Act (775 ILCS5/) ("IHRA"), seeking redress for Defendant's sex-based discrimination, sex-based harassment, race-based discrimination, race-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII and the IHRA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. This Court has pendent jurisdiction and supplementary jurisdiction of Count II and IV through 28 U.S.C. § 1367.

### ADMINISTRATIVE PREREQUISITES

5. All conditions precedent have been fulfilled or been complied with.

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC and IDHR (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of her receipt of the EEOC's Dismissal and Notice of Right to Sue.

### THE PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Lily Learned, resides in Bureau County, Illinois.

10. At all times material to the allegations in this Complaint, Defendant, Sonnenschein Hospitality Groupe, LLC d/b/a Grand Bear Resort, is a limited liability company doing business in and for LaSalle County, Illinois, whose address is 2643 N IL Route 178, Utica, Illinois, 61373.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

### BACKGROUND FACTS

2

13. Plaintiff worked for Defendant from on or about May 27, 2024, until she was wrongfully terminated on or about December 1, 2024, on the basis of her sex (female) and race (African American).

14. Since at least June of 2024 through November 27, 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class on the basis of sex and race, violating Title VII, Section 1981, and the IHRA.

15. Plaintiff is female and African American and is a member of a protected class because of her sex and race.

16. Beginning in June of 2024, Plaintiff was consistently sexually harassed by a maintenance worker, Nick (LNU, male).

17. Nick made inappropriate comments about Plaintiff and Plaintiff's subordinates, many of whom were minors.

18. Nick frequently commented on Plaintiff's appearance, saying things like, "your legs look very strong and muscular."

19. Nick inappropriately told Plaintiff, "Oh, I wish my wife had a body like yours."

20. Plaintiff's subordinates would report Nick's comments about Plaintiff's body to Plaintiff directly.

21. Nick told Plaintiff's subordinates, "how good [Plaintiff's] butt looks," and "how round and perky [Plaintiff's butt] is," and "how [Plaintiff] has a nice figure."

22. Plaintiff confronted Nick directly to oppose this harassment and told him to stop making these perverse remarks.

23. Despite Plaintiff's request, the harassment continued.

24. Later in or around June 2024, Plaintiff engaged in protected activity and reported Nick's behavior to the Waterpark Manager, Brooklyn (LNU, female), who then escalated the issue to the General Manager, Ron (LNU, male).

25. In or around September 2024, Brooklyn resigned, citing various issues, including cameras being placed inside changing areas.

26. This greatly concerned Plaintiff, and demonstrated that the environment of harassment pervaded the entire workplace of Defendant and that the work environment was hostile, as not even guests were safe from the harassment.

27. Further, Defendant had taken no action to investigate or remedy the harassment complained of by Plaintiff.

28. Despite Defendant's general manager having knowledge of the harassment, no prompt, thorough, or objective investigation was launched.

29. It became clear to Plaintiff that no action was going to be taken to address or remedy the harassment.

30. No reasonable person could continue working in this hostile, unsafe environment.

31. Therefore, on or about November 27, 2024, Plaintiff submitted her two-week resignation notice, because she could no longer tolerate the harassment.

32. Plaintiff did not hear back from management about whether her resignation was accepted or not.

33. On or about December 1, 2024, Plaintiff was informed that her resignation was not accepted, and that her employment was terminated instead.

34. The stated reason for Plaintiff's termination was that Plaintiff was a "liability" due

to an alleged rumor that Plaintiff had rigged chemical logs, and contacted OSHA and the Red Cross.

35.     Regardless of whether Plaintiff had done so, doing so would have been protected activity and Plaintiff was protected from retaliatory termination.

36.     In or around December of 2024, Plaintiff learned from Brooklyn, that back in June 2024, the Assistant Manager, Leslie (LNU, female, non-African American), had made a racially discriminatory comment about Plaintiff.

37.     Leslie said that Plaintiff needed to "watch [Plaintiff's] attitude," and that Plaintiff was "too ghetto here."

38.     This comment was made after a particularly busy day at the waterpark, when customers had complained about how Plaintiff enforced the rules.

39.     Plaintiff was simply completing her job duties, and faced race-based discrimination for doing so.

40.     Other similarly-situated, non-African American employees did not have to endure similar comments from managers.

41.     Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment, as to the best of her knowledge she never received a write up or negative performance remark that was not discriminatory in nature.

42.     Plaintiff was unlawfully terminated because of her sex and race (female and African American) on or about December 1, 2024.

43.     Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

44.     Plaintiff reported the sex and race-based discrimination and harassment to

5

Defendant.

45.     Plaintiff was targeted for termination because of her sex and race.

46.     Plaintiff suffered multiple adverse employment actions including but not limited to being terminated.

47.     There is a basis for employer liability for the sex-based harassment that Plaintiff was subjected to.

48.     Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

**COUNT I**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

49.     Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

50.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

51.     Defendant knew or should have known of the harassment.

52.     The sexual harassment was severe or pervasive.

53.     The sexual harassment was offensive subjectively and objectively.

54.     The sexual harassment was unwelcomed.

55.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

56.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57.     As a direct and proximate result of the sexual harassment described above, Plaintiff

6

has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Illinois Human Rights Act (775 ILCS5/)**
**(Sexual Harassment)**

58.     Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

59.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Illinois Human Rights Act (775 ILCS5/).

60.     Defendant knew or should have known of the harassment.

61.     The sexual harassment was severe or pervasive.

62.     The sexual harassment was offensive subjectively and objectively.

63.     The sexual harassment was unwelcomed.

64.     Plaintiff is a member of a protected class under Illinois Human Rights Act (775 ILCS5/)., due to her sex, female.

65.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

66.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

67.     Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

68. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

69. Plaintiff met or exceeded performance expectations.

70. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

71. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

72. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

73. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

74. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**<u>COUNT IV</u>**
**Violation of the Illinois Human Rights Act, 775 ILCS5/**
**(Sex-Based Discrimination)**

75. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

76. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Illinois Human Rights Act, 775 ILCS5/.

77. Plaintiff met or exceeded performance expectations.

78. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

79. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

80. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex.

81. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

82. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

83. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

84. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

85. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

86. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

87. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and Plaintiff is entitled to all legal and equitable remedies under Section 1981.

88. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

9

employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

<b><u>COUNT VI</u></b><br>
<b>Violation of Title VII of the Civil Rights Act of 1964</b><br>
<b>(Race-Based Discrimination)</b>

89. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

90. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

91. Plaintiff met or exceeded performance expectations.

92. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

93. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

94. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

95. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

96. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

<b><u>COUNT VII</u></b><br>
<b>Violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA")</b><br>
<b>(Race-Based Discrimination)</b>

97. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

10

98. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Illinois Human Rights Act, 775 ILCS5/.

99. Plaintiff met or exceeded performance expectations.

100. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

101. Defendant terminated Plaintiff on the basis of Plaintiff's race.

102. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's race.

103. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

104. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VIII**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

105. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

106. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

107. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race-based discrimination, sex-based discrimination, sexual harassment, a hostile work environment, and/or race-based harassment.

108. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

109. In response to Plaintiff's complaints, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaints of discrimination and harassment.

110. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

111. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically termination.

112. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the discriminatory and harassing conduct, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

113. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

114. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

      a.     Back pay;

      b.     Loss of benefits;

      c.     Payment of interest on all back pay and benefits recoverable;

      d.     Front pay and benefits;

      e.     Payment of interest on all front pay and benefits recoverable;

      f.     Compensatory and punitive damages;

g.   Reasonable attorneys' fees and costs;

h.   Award pre-judgment interest if applicable; and

i.   Award Plaintiff any and all other such relief as the Court deems just and

proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 25th day of February, 2025.

Respectfully submitted,

*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*


*/s/ Sophia K. Steere*
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*

13